13-4522
Lin v. Lynch

BIA
Cheng, IJ
A200 921 143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

BIXIAN LIN,
> *Petitioner,*

> v.                      13-4522
>                              NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[*]

_____

FOR PETITIONER:     Robert Tsigler, Law Offices of Yu & Associates, PLLC, New York, N.Y.

---

[*] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:**  Stuart F. Delery, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bixian Lin, a native and citizen of the People's Republic of China, seeks review of a November 7, 2013 order of the BIA affirming the May 29, 2012 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bixian Lin*, No. A200 921 143 (B.I.A. Nov. 7, 2013), *aff'g* No. A200 921 143 (Immig. Ct. N.Y. City May 29, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Lin claims that she fears Chinese authorities will persecute her if she returns to China because she is a member of the China Democracy Party. However, the agency did not err in concluding that Lin's fear of future persecution was not objectively reasonable. Lin did not allege past persecution, and thus was required either to show that she would be singled out individually for persecution, or that the Chinese government engaged in a pattern or practice of persecuting similarly situated persons. 8 C.F.R. § 1208.13(b)(2)(iii).

Contrary to Lin's assertion on appeal, the BIA properly reviewed the IJ's findings regarding the likelihood of future events occurring for clear error. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134-35 (2d Cir. 2012).

Substantial evidence supports the agency's determination that Lin failed to establish a pattern or practice of persecution of similarly situated individuals. The record is devoid of evidence that the Chinese government persecutes individuals similarly situated to Lin, that is, low-level pro-democracy activists whose activism occurs only abroad. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

3

Nor did the agency err in concluding that Lin did not establish an objectively reasonable fear that she would be singled out for harm. The only individualized evidence she offered that the Chinese government knows of her pro-democracy activism is an unsworn letter from her father, an interested witness not subject to cross-examination. This was permissibly discounted by the agency. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2005); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Since Lin did not meet her lower burden of establishing eligibility for asylum and since her claims for withholding of removal and CAT relief rely on the same arguments as her asylum claim, she cannot meet the higher standard required to show entitlement to these other forms of relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4